UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14098-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

IHAP ABDALLAH YAMIN,

      Defendant.

_____/

FILED by _____ D.C.

FEB 16 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on February 16, 2011, this Court recommends to the District Court as follows:

    1.    On February 16, 2011, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing, through a Spanish interpreter, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.     This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.     This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.     There is a written plea agreement which had been entered into by the parties in this case. This Court reviewed that plea agreement on the record and had the Defendant acknowledge that he signed the plea agreement. This Court also made certain that the Defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to that plea agreement and the applicable statutes.

5.     The Defendant pled guilty to Count One, Count Twelve, Count Fifteen and Count Sixteen of the Indictment which charges the Defendant in Count One with conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of Title 18, United States Code, Section 1349; in Count Twelve with trafficking in counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1); and in Counts Fifteen and Sixteen with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1). The government agreed to seek dismissal of Counts Two, Three, Four, Five,

2

Six, Seven, Eight, Nine, Ten, Eleven, Thirteen, Fourteen, Seventeen and Eighteen, as to this Defendant, after sentencing.

6.     The Defendant also agreed to forfeit voluntarily and immediately any and all of his right, title and interest to the following which is subject to forfeiture pursuant to Title 18, United States Code, Section 1029(c)(1)(C):

a.     One 2002 BMW automobile, VIN #WBAEV334X2KL77088

7.     The government stated a factual basis for the entry of the plea which included all of the essential elements of the crimes to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable.  The government also announced the possible minimum and maximum penalties in respect to Counts One, Twelve, Fifteen and Sixteen of the Indictment.  The Defendant acknowledged that he understood these possible minimum and maximum penalties which could be imposed in his case.

8.     Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to Counts One, Twelve, Fifteen and Sixteen of the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of those offenses and be found to have forfeited his right, title and interest in the property more particularly described in the Indictment and the statement of facts placed on the record by counsel for the government at the change of plea hearing.

9.     A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Friday, May 13, 2011, at**

3

10:00 a.m., at the United States District Courthouse, 300 South Sixth Street, Fort

Pierce, Florida.

ACCORDINGLY, this Court recommends to the District Court that the Defendant's

plea of guilty be accepted, the Defendant be adjudicated guilty of the offenses to which he

has entered his plea of guilty and that a sentencing hearing be conducted for final

disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and

Recommendation within which to file objections, if any, with the Honorable Donald L.

Graham, the United States District Judge assigned to this case.

DONE AND SUBMITTED this ___16th___ day of February, 2011 at Fort Pierce,

Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Theodore M. Cooperstein
Jack Fleischman, Esq.
U.S. Probation
U. S. Marshal